LEE LITIGATION GROUP, PLLC
Clara Lam (162512016)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-661-0543
Fax: 212-465-1181
*Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

REYNALDO VASQUEZ
and JOHN DOE,
*on behalf of themselves and*
*FLSA Collective Plaintiffs*,

       Plaintiffs,

  v.

POF, INC.
d/b/a DAISY'S FOOD MARKET,
AGUSTO ORTIZ and
WILDA ORTIZ,

       Defendants.

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

---

Plaintiffs, REYNALDO VASQUEZ and JOHN DOE, (hereinafter, "Plaintiffs"), on behalf of themselves and FLSA Collective Plaintiffs, by and through their undersigned attorney, hereby file this Complaint against Defendants, POF, INC. d/b/a DAISY'S FOOD MARKET, AGUSTO ORTIZ and WILDA ORTIZ (each individually, "Defendant" or, collectively, "Defendants"), and state as follows:

1

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New Jersey State Wage and Hour Law, they and FLSA Collective Plaintiffs are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages and statutory penalties and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiffs and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

4. Venue is proper in the New Jersey District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, REYNALDO VASQUEZ, is a resident of Somerset County, New Jersey.

6. Upon information and belief, Defendant, POF, INC. d/b/a DAISY'S FOOD MARKET, is a domestic business corporation organized under the laws of New Jersey, with a principal place of business located at 76 Remsen Ave, New Brunswick, New Jersey, 08901 and an address for service of process located 494 Amboy Avenue, Perth Amboy, New Jersey, 08861.

7. Upon information and belief, Defendant, AGUSTO ORTIZ , is an Executive Officer of Defendant, POF, INC. d/b/a DAISY'S FOOD MARKET. AGUSTO ORTIZ exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective

Plaintiffs. With respect to Plaintiffs and other FLSA Collective Plaintiffs, he exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment. Plaintiffs were hired, and their employment was terminated, directly by AGUSTO ORTIZ.

8. Upon information and belief, Defendant, WILDA ORTIZ, is an Executive Officer of Defendant, POF, INC. d/b/a DAISY'S FOODSTORE. WILDA ORTIZ exercised control over the terms and conditions of Plaintiffs' employment and those of FLSA Collective Plaintiffs. With respect to Plaintiffs and other FLSA Collective Plaintiffs, she exercised his power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment.

9. At all relevant times, each of Defendants, POF, INC. d/b/a DAISY'S FOODSTORE, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiffs and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

11. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

12. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices,

procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them minimum wage and overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. A subclass of delivery employees have a claim for an improper tip credit because they are required to spend more than two (2) hours per shift or 20% of their daily working time on non-tipped activities. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

**STATEMENT OF FACTS**

15. On or about June 2015 Plaintiff, REYNALDO VASQUEZ, was hired by Defendants and/or their predecessors, as applicable, to work as a delivery person for Defendants' Supermarket named "Daisy's Food Market" located at 76 Remsen Ave, New Brunswick, New Jersey, 08901.

16. REYNALDO VASQUEZ worked for Defendants until on or about November 2016.

17. During the employment of Plaintiff, REYNALDO VASQUEZ, by Defendants, he worked over forty (40) hours per week. During REYNALDO VASQUEZ's employment by Defendants, he worked over ten (10) hours per day.

18. Specifically, REYNALDO VASQUEZ worked 6 days as follows:

(a) Thursday through Monday Plaintiff, REYNALDO VASQUEZ worked from 8:00am to 8:00pm, totaling 12 hours per day.

(b) On Wednesday's Plaintiff, REYNALDO VASQUEZ worked from 1:00pm to 8:00pm, totaling 7 hours a day.

19. REYNALDO VASQUEZ received his compensation on a fixed salary basis, at a rate of $475 per week. There was never any agreement that Plaintiff's fixed salary was intended to cover his overtime compensation. Defendants willfully violated REYNALDO VASQUEZ 's rights by paying him on a fixed salary basis, in violation FLSA and of the New Jersey State Wage and Hour Law because REYNALDO VASQUEZ is a non-exempt employee who must be paid on an hourly basis

20. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and FLSA Collective Plaintiffs the FLSA overtime rate (of time and one-half) or the New Jersey State Wage and Hour Law overtime rate (of time and one-half).

21. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New Jersey State Wage and Hour Law minimum wage to the Plaintiffs and FLSA Collective Plaintiffs.

22. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs and other non-exempt employees at the beginning of employment and annually thereafter, in violation of the New Jersey Labor Law.

23. Defendants took an improper tip credit with respect to Plaintiffs and all other delivery employees of the Defendants given Defendants' failure to: (i) provide proper notice to employees of their tipped credit minimum wage rate and the proper overtime rate thereon and (ii) maintain records of tips earned by employees. Defendants also caused Plaintiffs and other

delivery employees to spend more than 2 hours or 20% of their shift on non-tipped activities. Plaintiff, REYNALDO VASQUEZ participated in the following non-tipped activities: preparing food items, receiving and stocking incoming merchandise, and shopping at "other" supermarkets for market ingredients.

24. Plaintiffs retained Lee Litigation Group, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

25. Plaintiffs reallege and reaver Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

27. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

28. Upon information and belief, at all relevant times, Defendant, POF, INC. d/b/a DAISY'S FOOD MARKET , had gross revenues in excess of $500,000.

29. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

30. Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

31. Plaintiffs and FLSA Collective Plaintiffs worked hours for which they were not paid by Defendants the statutory minimum wage.

32. At all relevant times, the Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and FLSA Collective Plaintiffs for their hours worked.

33. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiffs and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

34. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

35. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

36. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

37. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages, plus an equal amount as liquidated damages.

38. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## **VIOLATION OF THE NEW JERSEY STATE WAGE AND HOUR LAW**

39. Plaintiffs reallege and reaver Paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New Jersey State Wage and Hour Law.

41. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

42. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

43. Due to the Defendants' New Jersey State Wage and Hour Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime, unpaid minimum wages, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves and FLSA Collective Plaintiffs, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New Jersey State Wage and Hour Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New Jersey State Wage and Hour Law;

d. An award of unpaid minimum wages due under the FLSA and the New Jersey State Wage and Hour Law;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and minimum wages pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum pursuant to New Jersey State Wage and Hour Law;

g. An award of statutory penalties, and prejudgment and postjudgment interest;

h. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: May 22, 2017

                        Respectfully submitted,

                        LEE LITIGATION GROUP
                        Clara Lam (162512016)
                        30 East 39th Street, Second Floor
                        New York, NY 10016
                        Tel.: 212-661-0543
                        Fax: 212-465-1181
                        *Attorneys for Plaintiffs and FLSA Collective Plaintiffs*

By:       */s/ Clara Lam*
        Clara Lam, Esq. (162512016)